UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Vanessa Johnson, | ) | C/A No. 6:26-cv-1442-TMC-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Department of Justice, F.B.I., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action against the above-named Defendants. Because Plaintiff purports to sue federal agencies—the Department of Justice ("DOJ") and the Federal Bureau of Investigation ("FBI")—the Court construes the Complaint as seeking relief pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (a "*Bivens* claim"). Pursuant to 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B), D.S.C., the undersigned United States Magistrate Judge is authorized to review the pleadings for relief and submit findings and recommendations to the District Court. For the reasons below, this action is subject to summary dismissal.

## BACKGROUND

**Procedural History**

Plaintiff commenced this action by filing a Complaint on the standard form for a civil rights action. ECF No. 1. By Order dated April 6, 2026, the Court notified Plaintiff that, upon screening in accordance with 28 U.S.C. § 1915, the Complaint was subject to summary dismissal for the reasons identified by the Court in its Order. ECF No. 9. The Court noted, however, that Plaintiff might be able to cure the deficiencies of the Complaint and granted Plaintiff twenty-one days to

1

file an amended complaint. *Id*. at 8. Plaintiff was notified that "an amended complaint replaces all prior complaints and should be complete in itself." *Id*. at 9. Further, Plaintiff was specifically warned as follows:

> If Plaintiff fails to file an amended complaint that corrects those deficiencies identified [in the Court's Order], this action will be recommended for summary dismissal pursuant to 28 U.S.C. [§ 1915] without further leave to amend.

*Id*. (emphasis omitted).

Plaintiff filed an Amended Complaint, which was entered on the docket on April 20, 2026. ECF No. 12. Although an amended complaint ordinarily replaces all prior complaints, the Court will consider the allegations contained in both the original Complaint and the Amended Complaint out of an abundance of caution and to give liberal construction to the pleadings in this case.

**Factual Allegations from the Original Complaint**

Plaintiff makes the following allegations in the original Complaint. ECF No. 1. Plaintiff contends Defendants have engaged in "harassment."[1] *Id.* at 3. For her relief, Plaintiff seeks $500 billion. *Id.* Plaintiff makes no other allegations.

**Factual Allegations from the Amended Complaint**

In the Amended Complaint, Plaintiff makes nearly identical allegations to those in the original Complaint. ECF No. 12. The Statement of Claim section provides, "I have been harassed and followed by the F.B.I. for over 5 years illegally." *Id*. at 5. The Relief sections provides, "I would like [$]150,000,000,000 for mental and emotional distress." *Id*. Plaintiff makes no other allegations.

---

[1] The Statement of Claim section of the standard Complaint form contains a single word: harassment. ECF No. 1 at 6. The Relief section states as follows, verbatim: "I asking the court relief for harassment of 500,000,000,000." *Id*.

2

## STANDARD OF REVIEW

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, this Court possesses the inherent authority to review a *pro se* complaint to ensure that subject matter jurisdiction exists and that a case is not frivolous, even if the complaint were not subject to the prescreening provisions of 28 U.S.C. § 1915. *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) ("[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid . . . [and] because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted.") (citations omitted); *see also Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) ("[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee[.]"); *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989) ("[A] district court's obligation to review its own jurisdiction is a matter that must be raised *sua sponte*, and it exists independent of the 'defenses' a party might either make or waive under the Federal Rules."); *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981) (providing a judge may dismiss an action *sua sponte* for lack of subject matter jurisdiction without issuing a summons or following other procedural requirements).

3

Because Plaintiff is a *pro se* litigant, her pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for her, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The Court's duty to liberally construe a *pro se* litigant's complaint does not require the Court "to remove [it's] heavy robe . . . and take on the role of the litigant's attorney." *Jackson v. Dameron*, -- F. 4th --, No. 25-6295, 2026 WL 860089, at *7 (4th Cir. Mar. 30, 2026). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove her case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

## **DISCUSSION**

This action is subject to summary dismissal because the named Defendants are entitled to immunity or are not persons subject to suit and Plaintiff has failed to state a claim for relief that is plausible.

**Defendants Entitled to Dismissal**

Both Defendants named in this action are subject to dismissal. "*Bivens* claims are only cognizable against federal officials in their individual capacities." *Robinson v. Unknown Named Special Agent*, C/A No. 3:22-cv-49, 2022 WL 2080870, at *6 (N.D.W. Va. May 9, 2022), *R&R adopted by* 2022 WL 2079309 (N.D.W. Va. June 9, 2022) (citing *Vinson v. F.B.I.*, C/A No. 7:03-cv-00129, 2003 WL 23712096, at *1 (W.D. Va. Feb. 25, 2003), *aff'd*, 60 F. App'x 956 (4th Cir. 2003)). A plaintiff cannot bring a *Bivens* action against a federal agency because "[a]ny remedy under *Bivens* is against federal officials individually, not the federal government." *Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996)); *see Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2002) ("[A] *Bivens* action does not lie against either agencies or officials in their official capacity.") (citing *FDIC v. Meyer*, 510 U.S. 471, 484–86, (1994)). Accordingly, the FBI and DOJ are not subject to suit under *Bivens* and must be dismissed. *Johnson v. United States Dep't of Just.*, C/A No. PJM 14-cv-4008, 2016 WL 4593467, at *5 (D. Md. Sept. 2, 2016) (dismissing Bivens claim against FBI and DOJ).

**Failure to State a Claim**

The Complaint is subject to dismissal because Plaintiff's allegations are too vague and conclusory to state a claim for relief. Plaintiff asserts, generally, that her civil rights were violated.

Indeed, Plaintiff presents a single assertion in support of her claim—that Defendants engaged in "harassment" and illegally followed her—without any other facts to support the assertion that she is entitled to any relief. ECF Nos. 1 at 3; 12 at 5. Thus, Plaintiff does nothing more than present conclusory allegations and legal conclusions. *Est. of Green v. City of Annapolis*, 696 F. Supp. 3d 130, 166 (D. Md. 2023) ("The presence, however, of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) . . ."). Plaintiff must allege more than mere cursory assertions to state a plausible claim for relief. *See Griffith v. State Farm Fire and Cas. Co.*, C/A No. 2:12-cv-00239-DCN, 2012 WL 2048200, at *1 (D.S.C. June 6, 2012) (finding that the plausibility standard requires more than "'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" (quoting *Iqbal*, 556 U.S. at 678)). "Plaintiff's cursory allegations fail to state an actionable [*Bivens*] claim . . ." *Branch v. Anderson Cnty. Det. Ctr.*, C/A No. 2:24-cv-00851-JFA-MGB, 2024 WL 4981587, at *4 (D.S.C. Oct. 18, 2024), *R&R adopted by* 2024 WL 4973401 (D.S.C. Dec. 4, 2024); *see also Hamilton v. United States*, C/A No. 2:20-cv-1666-RMG-MHC, 2020 WL 7001153, at *4 (D.S.C. Aug. 26, 2020) (finding claims frivolous where, other than naming defendants in the caption of her complaint, plaintiff failed to include sufficiently clear allegations of any personal conduct or wrongdoing in connection with the alleged federal violations), *R&R adopted by* 2020 WL 5939235 (D.S.C. Oct. 7, 2020); *Garner v. Cohen*, C/A No. 2:16-cv-561-TLW-MGB, 2016 WL 9175627, at *4 (D.S.C. Sept. 1, 2016) (finding the complaint's "vague references to [*pro se*] Plaintiff's rights being violated, absent any specific facts or allegations against the Defendants, [were] wholly insufficient to state any sort of plausible claim"), *R&R adopted by* 2017 WL 2645754 (D.S.C. June 20, 2017); *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining that a *pro se* plaintiff "must meet certain minimum standards of . . . specificity" in filing a complaint).

Further, 28 U.S.C. § 1915 ("§ 1915") permits an indigent litigant to proceed *in forma pauperis*, which allows a federal court action to be commenced without prepaying the administrative costs of proceeding with the lawsuit. *See Staley v. Witherspoon*, C/A No. 9:07-cv-195-PMD-GCK, 2007 WL 1988272, at *1 (D.S.C. July 3, 2007). However, § 1915 provides limitations to such actions by permitting the Court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." *Id.* (quoting 28 U.S.C. § 1915(e)(2)(B)). A complaint is deemed "frivolous" when it is "clearly baseless" and includes allegations that are "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (internal quotation marks omitted) (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 327–28 (1989)).

A district court's review of a case for factual frivolousness under § 1915 is guided by the Supreme Court's decision in *Denton. See Thomas v. Barri*, C/A No. 8:10-cv-0431-MBS-BHH, 2010 WL 1993881, at *2–3 (D.S.C. Mar. 3, 2010), *R&R adopted by* 2010 WL 1993860 (D.S.C. May 18, 2010). When a plaintiff proceeds *in forma pauperis*, § 1915 "gives courts the authority to 'pierce the veil of the complaint's factual allegations[,]' mean[ing] that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32. The "initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighted in favor of the plaintiff," *id.*, and "[a]n *in forma pauperis* complaint may not be dismissed . . . simply because the court finds the plaintiff's allegations unlikely." *Id.* at 33. However, the district court is entrusted with the discretion to dismiss the case for factual frivolousness "when the facts alleged rise to the level of the irrational or the wholly incredible." *Id.* For frivolous or malicious review, the Court looks to see whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly

baseless factual contentions, such as fantastic or delusional scenarios. *Harley v. United States*, 349 F. Supp. 2d 980, 981 (M.D.N.C. 2004) (citing *Neitzke*, 490 U.S. 319). The Court must accept all well-pled allegations and review the Complaint in a light most favorable to plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Nevertheless, it is well-settled that the Court has the authority to dismiss claims that are obviously "fantastic" or "delusional." *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994); *Raiford v. FBI*, C/A No. 1:10-cv-2751-MBS-JRM, 2010 WL 6737887, at *3 (D.S.C. Nov. 17, 2010), *R&R adopted by* 2011 WL 2020729 (D.S.C. May 23, 2011) (explaining a finding of factual frivolousness is appropriate when "the facts alleged rise to the level of the irrational or the wholly incredible").

The present action is comprised of conclusory statements, assertions that are "wholly incredible," for which no factual support is alleged, and which fail to state a claim for relief. Plaintiff's Complaint and Amended Complaint, without any factual support whatsoever, asserts only that Defendants harassed Plaintiff. Courts have found such allegations to be fantastical and delusional. *Wood v. VRC Worldwide*, C/A No. 6:18-cv-2752-TMC-JDA, 2018 WL 6438613, at *3–4 (D.S.C. Oct. 16, 2018) (finding the plaintiff's claims that government agents were buzzing his home in an airplane and following him in their cars to be fantastical and delusional), *R&R adopted by* 2018 WL 6435655 (D.S.C. Dec. 7, 2018); *Brock v. Angelone*, 105 F.3d 952, 953-54 (4th Cir. 1997) (finding a prisoner's claim, that he was being poisoned or experimented upon via an ingredient in pancake syrup served at his prison, was fanciful or delusional, and dismissing the appeal as frivolous with sanctions); *Neal v. Duke Energy*, C/A No. 6:11-cv-1420-HFF-KFM, 2011 WL 5083181, at *4 (D.S.C. June 30, 2011), *R&R adopted by* 2011 WL 5082193 (D.S.C. Oct. 26, 2011) (dismissing action upon finding plaintiff's factual allegations were frivolous, fanciful, and delusional where plaintiff claimed defendants clandestinely placed a GPS device in her car while

it was in the shop for repairs and that she was being stalked by the defendants, noting the allegations were "made without any viable factual supporting allegations and appears to be the product of paranoid fantasy"); and *Feurtado v. McNair*, C/A No. 3:05-cv-1933-SB, 2006 WL 1663792, at \*2 (D.S.C. Jun. 15, 2006) (noting that frivolousness encompasses inarguable legal conclusions and fanciful factual allegations), *aff'd*, 227 F. App'x 303 (4th Cir. 2007).

The bare allegations in the present action fall within the statute's definition of frivolity. *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) (noting examples of frivolous claims include those whose factual allegations are "so nutty," "delusional," or "wholly fanciful" as to be simply "unbelievable." (internal quotation marks and citations omitted)); *Simmons v. Clinton Police Dep't*, C/A No. 7:14-cv-248-BO, 2014 WL 7151242, at \*2 (E.D.N.C. Dec. 12, 2014). Plaintiff's conclusory assertions fail to show any arguable basis in fact or law, and Plaintiff presents no other allegations of any kind to support a claim for relief.  Therefore, this case should be dismissed as frivolous under § 1915(e)(2)(B)(i) and for failure to state a claim under which relief may be granted pursuant to § 1915(e)(2)(B)(ii).  *See Thomas v. Berry*, C/A No. 8:10-cv-698-MBS-BHH, 2010 WL 4008333, at \*2 (D.S.C. Apr. 27, 2010), *R&R adopted by* 2010 WL 4007189 (D.S.C. Oct. 13, 2010); *Shuler v. Neely*, C/A No. 3:11-cv-182-RJC, 2011 WL 9879176, at \*2 (W.D.N.C. Apr. 19, 2011).

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, it is recommended that the district court **DISMISS** this action pursuant to 28 U.S.C. § 1915 without further leave to amend[2] and without issuance and service of process.

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

April 21, 2026
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[2] Because Plaintiff has been afforded an opportunity to file an Amended Complaint but failed to correct the pleading deficiencies, the undersigned recommends that this action be dismissed without further leave to amend.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

11