**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| Vanessa Johnson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 6:26-cv-1442-TMC |
| v. | ) | |
| | ) | **ORDER** |
| Department of Justice, F.B.I., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Vanessa Johnson, a *pro se* litigant proceeding *in forma pauperis*, filed this action against Defendants alleging in her amended complaint simply that she has been subjected to "harassment" and seeking damages of $150 Billion. (ECF No. 12 at 4–5).[1] In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was automatically referred to a United States Magistrate Judge for all pretrial proceedings. Now before the court is the magistrate judge's Report and Recommendation ("Report"). (ECF No. 16). Reviewing this action pursuant to 28 U.S.C. § 1915, the magistrate judge concluded that Plaintiff's action is subject to summary dismissal under § 1915(e)(2)(B)(ii) because her allegations (consisting of the single assertion that Defendants engaged in "harassment" without any further factual allegations) are too vague and conclusory to state a claim for relief. (ECF No. 16 at 5–6). In fact, the magistrate judge further concluded that Plaintiff's complaint asserted a "frivolous" claim within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i) and, therefore, was subject to summary dismissal under that

---

[1] The court notes that Plaintiff filed a similar suit against the same defendants last year. *See Johnson v. F.B.I. and Dep't. of Justice*, C/A No. 6:25-cv-12546-TMC (D.S.C.). The court dismissed the action on the grounds that Plaintiff had failed to comply with court orders issued during that litigation and failed to state a cognizable claim for relief. *Id*. at dkt. # 18 (Nov. 18, 2025).

provision as well. *Id*. at 8–9. Finally, the magistrate judge determined that there is no basis for concluding that the Defendants, both of which are federal agencies, are subject to suit under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Id.* at 1. The Report recommends, therefore, that the court dismiss this action without issuance and service of process and without further leave to amend. *Id*. at 10.

Plaintiff filed the following objection to the Report: "I don't agree with the report and recommendation, and I object to it. I am being harassed by people in authority [who] are doing so illegally." (ECF No. 20).

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note).  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation.  *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Plaintiff's objection is a textbook general objection that fails to direct the court to any purported error in the Report.  *See Elijah*, 66 F.4th at 460 (noting that "'an objection stating only "I object" preserves no issue for review'" (quoting *Midgette*, 478 F.3d at 622)).  The court overrules it.

Having reviewed the Report and the record, the court finds no error and perceives no basis for deviating from the Report. Accordingly, the court **ADOPTS** the Report (ECF No. 16), which is incorporated herein by reference. Accordingly, this action is hereby **DISMISSED** without prejudice, without issuance and service of process and without further leave to amend.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

May 8, 2026
Anderson, South Carolina

3

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.